IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMORT FRAISAR, BX-4081, ) | |
|     Petitioner, ) | |
| ) | |
|     v. ) | Civil Action No. 09-10 |
| ) | |
| TOM CORBETT, et al., ) | |
|     Respondents. ) | |

Memorandum and Order

Mitchell, M.J.:

Wilmort Fraisar, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

On October 27, 1992, the petitioner entered a plea of guilty to charges of rape, statutory rape, involuntary deviate sexual intercourse, and corruption of minors at Nos.CC 199107726 and CC 199111106 in the Court of Common Pleas of Allegheny County, Pennsylvania. Pursuant to a plea agreement, Fraisar was sentenced to a four to twenty year period of incarceration.[1]

The petitioner then unsuccessfully sought leave to withdraw his guilty plea following which an appeal was taken to the Superior Court in which the issue raise was:

> Whether the trial court abused its discretion in denying Mr. Frazier's motion to withdraw guilty pleas, where the evidence of manifest injustice was clear in that the appellant's pleas were the involuntary product of trial counsel's unexpected

---

[1] See: Exhibits 1-4, and Exhibit 8 to the answer of the Commonwealth.

1

abandonment of defense resolve and strategy five to ten minutes prior to jury selection, counsel unfairly demanded that a plea decision be made immediately, counsel was unprepared for the trial, counsel failed to fully explain and advise as to the import and consequences of the guilty pleas, and counsel failed to ensure that the guilty pleas were knowingly and intelligently entered.[2]

On May 6, 1994, the judgment of sentence was affirmed.[3] A petition for allowance of appeal was filed in which this same issue was presented.[4] On October 18, 1994, leave to appeal was denied.[5]

On September 12, 1995, Fraisar filed a second petition to withdraw his guilty plea. The latter was treated as a post-conviction petition and dismissed on August 4, 1997. As appeal was taken to the Superior Court in which the issues presented were:

> I. Defense counsel was ineffective for failing to adequately investigate the case prior to Mr. Fraisar's plea; a proper investigation would have revealed evidence from the Department of Welfare that exonerated Mr. Fraisar.
>
> II. The issue raised is cognizable under the post-conviction relief act because it is neither previously litigated nor waived.
>
>> A. The failure to trial counsel to discover and use clearly exculpatory evidence from the Department of Welfare that exonerated Mr. Fraisar was not decided by this Court on direct appeal.
>>
>> B. Appellate counsel was ineffective for failing to argue a meritorious issue on appeal; this ineffectiveness overcomes the post-conviction relief act's waiver bar.
>
> III. Because the claim presented in the amended petition presents genuine issues of material fact, the post-conviction court erred by dismissing the petition without

---

[2] See: Exhibit 11 to the answer of the Commonwealth.

[3] See: Exhibit 13 to the answer of the Commonwealth.

[4] See: Exhibit 14 to the answer of the Commonwealth.

[5] See: Exhibit 15 to the answer of the Commonwealth.

a hearing.[6]

On June 12, 1998, the Superior Court affirmed the denial of post-conviction relief in the form of leave to withdraw his guilty plea.[7] Leave to appeal to the Supreme Court was sought through a petition alleging:

> I. [The] Superior Court erred by finding that counsel was effective even though he did not investigate a children and youth services report that found the charges of abuse were "unfounded."
>
> II. [The] Superior Court erred by finding that this issue was previously litigated when [the] Superior Court did not decide this issue on direct appeal.[8]

On November 30, 1998, leave to appeal was denied.[9]

Fraisar submitted a second post-conviction petition on May 11, 2001. That petition was dismissed as time barred on July 31, 2001, and an appeal was taken to the Superior Court which Court affirmed the denial of relief on grounds of untimeliness on May 23, 2002.[10] On November 22, 2002, leave to appeal was denied by the Supreme Court.[11]

Petitioner again filed a motion to withdraw his guilty plea which was treated as a third post-conviction petition and dismissed on April 25, 2003.[12] Fraisar then unsuccessful sought habeas corpus relief in the Court of Common Pleas. The latter court observed that the petitioner

---

[6] See: Exhibit 21 to the answer of the Commonwealth.

[7] See: Exhibit 23 to the answer of the Commonwealth.

[8] See: Exhibit 24 to the answer of the Commonwealth.

[9] See: Exhibit 25 to the answer of the Commonwealth.

[10] See: Exhibit 31 to the answer of the Commonwealth.

[11] See: Exhibit 34 to the answer of the Commonwealth.

[12] See: Exhibit 35 to the answer of the Commonwealth.

was once again seeking to challenge his conviction but also noticed that through the inappropriate means of a habeas corpus petition he also sought to challenge the action of the Pennsylvania Board of Probation and Parole.[13] That relief was denied on February 26, 2004.[14]

An appeal was taken to the Superior Court which affirmed the denial of relief on May 19, 2005.[15]

Fraisar then filed a petition in the Court of Common Pleas seeking DNA testing. That petition was treated as a fourth post-conviction petition and denied on January 17, 2006 as either raising meritless issues or as time barred.[16] An appeal was taken to the Superior Court in which petitioner argued that his DNA request should not have been treated as a fourth post-conviction petition. However, acting at the petitioner's request his appeal was discontinued on December 8, 2006.[17]

Petitioner filed another post-conviction petition on January 17, 2008 again challenging the effectiveness of trial counsel.[18] That petition was dismissed on February 25, 2008 as time barred.[19]

In his rambling appeal, Fraisar sought to once again challenge the voluntariness of his

---

[13] See: Exhibit 39 to the answer of the Commonwealth.

[14] See: Exhibit 36 to the answer of the Commonwealth.

[15] See: Exhibit 41 to the answer of the Commonwealth.

[16] See: Exhibit 42 to the answer of the Commonwealth.

[17] See: Exhibits 47 and 48 to the answer of the Commonwealth.

[18] See: Exhibit 49 to the answer of the Commonwealth.

[19] See: Exhibit 50 to the answer of the Commonwealth.

guilty plea, the denial of DNA testing and whether his newly discovered evidence warrants a vacation of his conviction.[20] In his jurisdictional statement, Fraisar states inter alia that he is being held in custody seven years beyond the four to ten year sentence imposed by the trial court.[21] On December 2, 2008, the denial of relief was affirmed..[22] We note that as recently as December 2, 2008, the Superior Court observed that "appellant was sentenced to a term of incarceration of four (4) to twenty (20) years and not four to ten years as the petitioner represents."[23] The latter Court also affirmed the prior denial of relief noting that appellate issues raised in a jurisdictional statement are not properly before the court, and alternatively that the petition was facially untimely.[24] No further relief was sought in the Pennsylvania Court and the instant petition was submitted on January 6, 2009.

However, while matters were pending in the state courts, the petitioner also sought federal habeas corpus relief.

On January 11, 1995, Fraisar submitted a federal habeas corpus petition in this Court which was docketed at 2:95-cv-80. In the latter petition, Fraisar submitted twenty bases for relief, which another member of this Court stated in one form or another sought to challenge the

---

[20] See: Exhibit 52 to the answer of the Commonwealth.

[21] See: Exhibit 52 to the answer of the Commonwealth, Jurisdictional Statement, ¶ 6.

[22] See: Exhibit 55 to the answer of the Commonwealth.

[23] Id.

[24] Id.

knowing and voluntary nature of his plea.[25] The latter was adopted as the Opinion of the Court on March 30, 1995, and a certificate of probable cause to appeal was denied on August 2, 1995 by the United States Court of Appeals for the Third Circuit for failure to exhaust state court remedies.[26]

Fraisar submitted a second federal habeas petition on June 24, 1999 which was docketed at 2:99-cv-997. In his second federal petition, Fraisar again challenged the voluntariness of his guilty plea. In a Report and Recommendation filed on January 25, 2000, and adopted as the Opinion of the Court on March 10, 2000, the petition was dismissed and a certificate of appealability was denied.[27] A notice of appeal was filed on May 1, 2000 and the appeal was dismissed on October 25, 2000 as having been untimely filed.[28] Rehearing was denied on December 6, 2000.[29]

The petitioner now comes before this Court and contends he is entitled to relief on the following grounds:

> [P]etitioner is being held by the above named defendant's against his will, where his sentence is up according to sentence given him October 27, 1992 ... of not less than (4) four, and not more than (10) ten years.[30]

---

[25] See: March 9, 1995 Report and Recommendation of Magistrate Judge, Exhibit 57 to the answer of the Commonwealth.

[26] See: United States Court of Appeals Docket 95-3196. Exhibit 58 to the answer of the Commonwealth..

[27] See: Exhibit 61 to the answer of the Commonwealth.

[28] See: Exhibit 63 to the answer of the Commonwealth.

[29] See: Exhibit 65 to the answer of the Commonwealth.

[30] See: Petition at ¶ 1.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United

States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that in the courts of the Commonwealth Fraisar never properly raised the question of whether or not his sentence had expired. Specifically, in his attempt to do so in his appeal to the Superior Court, the latter Court deemed all issues waived as a result of petitioner's failure to file a timely concise statements of errors alleged on appeal.[31]

In <u>Coleman v.Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

---

[31] See: Exhibit 55 to the answer of the Commonwealth.

demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Thus, because Fraisar procedurally defaulted the remedies available to him in the courts of the Commonwealth, he is procedurally barred from raising the issue here, and his petition is subject to dismissal.[32]

Additionally, we note that as a matter of law, the petitioner is wrong in contending that his sentence has expired. A review of the transcript of the plea and sentencing hearing conducted on October 27, 1992, clearly discloses that the petitioner entered his plea pursuant to a plea agreement which provided for a four (4) to twenty (20) sentence which was honored by the court, and that sentence was imposed.[33] While we note that on occasions during the tortured history of this case, some courts have reported that the sentence was four (4) to ten (10) years, the record simply belies these statements. The record conclusively demonstrates that on October 27, 1992 a four (4) to twenty (20) year sentence was imposed; that that sentence maximum has not yet expired, and that the petitioner continues to be lawfully incarcerated on that sentence.

Thus, because the petitioner has procedurally defaulted the pursuit of his state court remedies, and because the basis upon which he seek relief here is meritless, the petition of Wilmort Fraisar for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[32] We also note that because the issue which the petitioner seeks to raise here has not been raised in his previous federal petitions, the instant petition is not a repeat petition as defined in 28 U.S.C. 2244(a).

[33] See: Transcript of Plea and Sentence hearing conducted on October 27, 1992.

ORDER

AT NOW, this 2nd day of March, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Wilmort Fraisar for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

                                                                 s/ Robert C. Mitchell
                                                                 United States Magistrate Judge